OPINION OF THE COURT
Arnold G. Fraiman, J.
This motion presents for resolution a rather unusual issue, which appears to be one of first impression. The motion is by defendant Toner as executor of the estate of Gerard J. Alonzo. Alonzo was originally named as a defendant but the caption was amended after his death. His executor seeks to dismiss the complaint on the ground that the court never obtained jurisdiction of the person of Alonzo, who was a New Jersey resident. Plaintiff asserts that it has in rem jurisdiction pursuant to CPLR 314 (subd 2).
The facts are not in dispute. Plaintiff is a New York City brokerage firm. In July and August, 1976, its predecessor in interest sold a number of negotiable bonds for the account of codefendant Dickstein, a New Jersey resident. It was subsequently discovered that the bonds had been stolen from Alonzo. Plaintiff thereupon gave the purchasers other securities in substitution for the stolen bonds, and claiming that it accepted the original securities in good faith, it seeks in its complaint a declaratory judgment that as between it, Alonzo *571 and Dickstein, it is now the rightful owner of the stolen securities. Personal service of the summons and complaint was made on Alonzo at his home in New Jersey on May 27, 1977. He died the following month, and in December, 1977, Toner, as his executor, was substituted as a defendant. Toner is a New Jersey lawyer.
Plaintiff claims that it has in rem jurisdiction in this case because it seeks a judgment affecting title to personal property in New York. Defendant points out, however, and it is not disputed, that on May 27, 1977, the date service was made on Alonzo, and thereafter until the present, plaintiff has had none of the securities in its possession. At issue is title to 16 certificates. After plaintiff had reacquired 10 of them from the purchasers by replacing them with substitute securities, plaintiff was served with a subpoena by a Federal Grand Jury in New Jersey requiring the production of the 10 certificates for use as evidence in connection with an investigation the Grand Jury was conducting into their theft. Pursuant thereto, on October 22, 1976, the 10 certificates were turned over to the United States Attorney for New Jersey who still has them in his possession or control. Plaintiff never reacquired the remaining six certificates, and it is presumed that they, too, were subpoenaed by the Grand Jury. The United States Attorney has indicated that he will ultimately release the certificates to whomever the court finds is the legal owner thereof.
Plaintiff argues that while it did not have actual possession of the certificates at the time it served Alonzo, it had constructive possession of them, which it contends forms a basis for in rem jurisdiction. Defendant, on the other hand, maintains that in rem jurisdiction can rest solely on actual possession of the property title to which is disputed. Neither party has been able to find any case law directly in point on this issue and the court finds the cases relied upon by both sides, dealing as they do primarily with attachment and quasi in rem jurisdiction, to be of little assistance. Obviously, it is not an issue which is apt to arise very often, and the court, in deciding it, limits its decision to the. facts of this case. With that caveat in mind, the court finds that at the time plaintiff served defendant it in fact had constructive possession of the 10 certificates although the Grand Jury had physical possession of them, and that such constructive possession is adequate to provide in rem jurisdiction for the court to determine title to those 10 *572 certificates. However, plaintiff did not have actual or constructive possession of the remaining six certificates, and in rem jurisdiction will not lie as to them.
The court believes that this is the appropriate resolution of this matter because the actual possessor of the certificates, the United States Attorney, does not himself claim title to them; he obtained them pursuant to subpoena from plaintiff; and, as noted, he will surrender them to the lawful owner. All of these factors add up to the equivalent of plaintiff itself still having them in its possession. Significant, both the Restatement of Judgments (§ 32, comment c) and the Restatement 2d, Conflict of Laws (§ 60, comment c), both state that where the owner of a chattel has allowed it to be sent into a State to be used as evidence in a judicial proceeding, the courts of that State usually do not exercise judicial jurisdiction over it, and if an action is brought to affect interests in the chattel the owner is entitled to have the action dismissed. Assuming this is a correct statement of the law, it would appear logical to conclude that if the presence of the certificates herein in New Jersey, pursuant to subpoena, does not form the basis for an in rem action there, their temporary presence in that State should not deprive plaintiff, their former possessor, of using them as a basis for acquiring in rem jurisdiction in New York, the State where they were located before being sent to New Jersey.
For all the foregoing reasons, the motion to dismiss the complaint is granted as to so much of it as pertains to the six certificates plaintiff never reacquired, and denied as to the remainder.